ROLLA GLEASON v. ESTATE OF J. A. BEERS.

*Mill Owners. Bailment. Contributory. Negligence.*

1. When one delivers logs at a custom saw-mill to be sawed at an agreed price, the owner of the mill becomes a bailee, bound to exercise ordinary care in keeping and manufacturing the logs, and to prove in case of their loss that it was without his fault.

2. The question of the bailor's contributory negligence is not raised, when it is not found that he intermeddled with the logs after delivery in the mill-yard.

3. The defendant's intestate contracted with the plaintiff to saw his lumber at a stated price; *Held*, that the estate should not be allowed more than the agreed price, even though it had proved, which is not found, that the plaintiff had violated his part of the contract; as that would only lay the foundation for damages.

APPEAL from the judgment of the Probate Court. Heard on a referee's report, September Term, 1886, Chittenden County, POWERS, J., presiding. Judgment for the plaintiff to recover on item No. 22 the sum of $120.50; on item No. 31 the sum of $99.45; that the defendant be disallowed item No. 23, the charge of $16.68 for sawing 4,170 feet; and that it be allowed only $2 per thousand feet for sawing lumber charged in Nos. 24, 25, 26, 29, 31, 32, deducting $38.35. Affirmed.

As to the other items, judgment was rendered on the report in accordance with the referee's findings. The referee found, as to item No. 22, that in the winter of 1874–5 said Gleason drew to said Beers' saw-mill in Bolton 20,000 feet of spruce logs, to be sawed by Beers for Gleason; that the logs were drawn and left in the mill-yard in the usual way of custom work; that Beers deceased in February, 1881; that only five of the logs were afterwards found in the mill-yard, and one Flannery had 2,129 feet of lumber out of the logs so delivered, leaving 17,500 feet not accounted for, worth $7 per thousand; " that, while the evidence fails to show that Beers had or made use of said logs, that evidence equally as strong fails to establish the fact that

Gleason had or made use of any portion of the same," except said 2,129 feet. The referee found that this item No. 22, $278.71, should be disallowed. The other facts are sufficiently stated in the opinion. See *Farrand* v. *Gleason*, 56 Vt. 633.

*J. A. Wing*, for the plaintiff.

Where property is left on which the bailee is to perform work for reasonable pay, the bailee is to exercise ordinary care in the protection of property. Story Bailm. s. 439 *et seq.*; 1 Wait Act. & Def. 497; 3 Wait Act. & Def. 597. Thus, if a watch is left with a watchmaker for repairs, if lost through his neglect, he is answerable, as he is bound to use ordinary diligence for its safe keeping. *Halyard* v. *Dechelman*, 29 Mo. 459. So a miller is bound to exercise reasonable care and diligence for the preservation of grain left at his mill to be ground, and to return it on demand, and the fact that he was not notified that the wheat was so left would not discharge his liability. *Spangler* v. *Eicholtz*, 25 Ill. 297; *Wallace* v. *Canaday*, 4 Sneed, 364.

It is a principle of law that where the bailee is to do work on the property, if the property is lost through any want of care of the bailee, he is liable, and cannot recover for the work and material used on the property lost.

*W. P. Dillingham* and *C. F. Clough*, for the defendant.

The *onus probandi* to prove affirmatively that the plaintiff is free from negligence or want of ordinary care is on the plaintiff in all cases like this. And it has been so held in most all of the states—Massachusetts, Connecticut, Maine, New York, Illinois, Indiana, Wisconsin, and others. Shearm. & Redf. Neg. p. 48, s. 43. The referee finds expressly that Beers never converted the logs, and that Gleason never demanded them. 1 Jacob's Fisher Dig. 855.

In *Walker* v. *Herron*, 22 Tex. 55, it is held that if it remains uncertain whether the plaintiff used ordinary care or not, he cannot recover.

The opinion of the court was delivered by

Ross, J.   But three items named in the report of the referee are in contention.   Item 22 of the plaintiff's account, we think, was properly allowed by the County Court.   The intestate owned and operated a custom saw-mill.   He thereby invited the custom of the plaintiff.   The plaintiff delivered at the mill the logs named in this item, to be sawed, for which he was to pay the intestate an agreed compensation.   This was a bailment of the logs to the intestate for the mutual benefit of the bailor and bailee.   This obligated the bailee to the exercise of ordinary care in keeping and manufacturing the logs.   They were in the possession of the intestate, to be accounted for by him or his estate, either as logs or manufactured lumber.   The estate has not accounted for the logs included in this item, either as logs, lumber, or as lost or destroyed without the fault of the intestate.   Ordinary care requires that the estate should either produce the logs or the lumber, or show they were taken from the possession of the intestate by the plaintiff, or were lost or removed without the fault of the intestate. This is the ordinary rule in this class of bailments.   Story Bailm. s. 442 et seq.   The question of contributory negligence is not raised by the facts found by the referee.   It is not found that the plaintiff intermeddled with any of the logs in contention after he delivered them into the custody of the intestate, nor that he was called upon to do anything in regard to them. Hence the plaintiff neither did, nor omitted to do, anything so far as found from which negligence on his part could contribute to the loss of the logs or lumber.

Item 23 of the claims made by the estate was properly disallowed.   It is a charge for manufacturing about one-fourth of the logs included in plaintiff's item 22.   As by that item the plaintiff is only allowed for the value of the logs unmanufactured, the estate should not be allowed for their manufacture.

We think the intestate's charge for sawing, on the facts found by the referee, should be reduced $1 per thousand, as was done by the County Court.   The agreement between the

plaintiff and intestate was that the plaintiff was to pay only the cost of sawing, which is the sum allowed by the County Court. This agreement is found to have been a part of the agreement by which the intestate and the plaintiff and others rebuilt the intestate's mill.    The facts found that the plaintiff did not put in a clapboard machine, as he reserved the right to do ;   that he did not saw any clapboards, nor procure any to be sawed, for the intestate, do not vary the price which the intestate was to charge the plaintiff for sawing boards, especially when it is not found that the intestate ever had any lumber to be manufactured into clapboards, or ever called upon the plaintiff to put in the clapboard machine, or manufacture any clapboards for him.    So far as is found by the referee, the plaintiff did not break or disregard his part of the agreement in regard to rebuilding the mill and manufacturing clapboards for the intestate at cost.   If he had broken his agreement in this respect it would have laid the foundation for a claim in favor of the estate against the plaintiff for damages, rather than give the estate the right to charge a greater price than agreed for sawing boards for the plaintiff.

We find no error in the judgment of the County Court, and that judgment is affirmed.